Bland, Chancellor.
Decreed, that oh payment by the complainant Ephraim Etchison of the sum of three hundred dollars with the interest due thereon to Mortimer Dorsey administrator of Richard Dorsey deceased, or on bringing the same into this court to be paid to him, being the balance of the purchase money due as stated in the bill; that the other plaintiffs Odie Wheeler, &c., for themselves, and that Ann Dorsey, as guardian on behalf of the infant defendants, shall by a good deed to be executed according to law, convey to the plaintiff Ephraim Etchison, &c. Provided nevertheless, that liberty be and the same is hereby reserved to the infant defendants to shew cause according to the act of 1773, ch. 7.
After which the plaintiff Mortimer Dorsey by his petition alleged, that the plaintiff Etchison had refused to pay the balance of the purchase money as required by this decree; although the other parties then were and had always been ready to execute the conveyance as directed. Whereupon he prayed,’ that Etchison might be ordered to pay, &c.
19th February, 1829. — Bland, Chancellor. — The aforegoing petition of Mortimer Dorsey having been submitted, the same, with the other proceedings, were read and considered.
On a bill for specific performance, where it appeared by the case admitted or established, that each party was bound to pay money or to perform some act for the benefit of the other, the court, by the ancient practice, could only decree in favour of the plaintiff, leaving the defendant to obtain that to which he was entitled by a *537 cross bill. But according to the present course of proceeding, as well in England as in Maryland, the court may if called on dispense with a cross bill, and pass a decree upon the whole case, as well in favour of the defendant as of the plaintiff; as that the one convey the property, and the other pay the purchase money, (a) But a decree to redeem may result in a foreclosure without a cross bill to foreclose ; as if a bill filed by a mortgagor for redemption is by decree dismissed, because of the money not being paid at the time directed by the decree to redeem, that operates as a foreclosure, and is equivalent to a decree for foreclosure ;(b) but the dismission of such a bill merely for want of prosecution has not that effect.(c)
It appears, that this case was submitted, and such a decree prepared and presented to the Chancellor as the parties thought proper to have passed without opposition or contest, which was accordingly signed. A decree might have been passed against the plaintiff commanding him to pay, as well as against the defendants ordering them to perform their part of the contract by conveying the property, as had been stipulated, on the payment of the purchase money. But this decree is, according to the ancient course, only in favour of the plaintiff and against the defendant; and therefore this petitioner can only obtain the relief he asks by a bill in the nature of a cross bill, it being now entirely too late to alter the decree in any manner whatever.
Whereupon it is ordered, that the said petition be and the same is hereby dismissed with costs.
After which the other parties filed a bill, in the nature of a cross bill, against Ephraim Etchison, for the amount of the purchase money so ascertained to be due, and it was on the 28th of March 1829 decreed, that Etchison pay the balance then due, and upon the payment thereof, that the plaintiffs execute a conveyance to him for the land, &c.

 Dorsey v. Campbell, ante, 356.

 The Bishop of Winchester v. Paine, 11 Ves. 199.

 Hansard v. Hardy, 18 Ves. 460.